UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JOCA-ROCA REAL ESTATE, LLC,  )
                             )
        Plaintiff            )
                             )
v.                           )   No. 2:13-cv-64-JAW
                             )
ROBERT T. BRENNAN, JR.,      )
                             )
        Defendant            )

**MEMORANDUM DECISION ON MOTION TO STAY[1]**

The plaintiff moves this court to enter a stay of this matter pending arbitration. Plaintiff's Motion to Stay Pending Arbitration ("Motion") (ECF No. 30) at 1. For the reasons that follow, I deny the motion.[2]

**I. Background**

The plaintiff filed this action alleging fraud and breach of contract on March 4, 2013. ECF No. 1. Discovery has proceeded with considerable court management, four telephone conferences with the court having been held regarding scheduling and/or to resolve discovery disputes. ECF Nos. 11, 18, 21, 28. Discovery closed on December 16, 2013. ECF No. 28. The instant motion was filed on December 6, 2013. ECF No. 30. The defendant filed a notice of intent to file a summary judgment motion on December 17, 2013. ECF No. 32.

---

[1] This motion is non-dispositive. *In re Milo's Kitchen Dog Treats*, Civil Action No. 12-1011, 2013 WL 6628636, at *1 n.2 (W.D. Pa. Dec. 17, 2013).

[2] The defendant filed today a request for oral argument on this motion and his motion to stay arbitration (ECF No. 36), which is not yet under advisement. ECF No. 38. I see no need for oral argument on the instant motion, which was filed on December 6, 2013, and fully briefed by the parties. The portion of the request for oral argument that applies to this motion is denied.

1

The defendant does not dispute that the written agreement between the parties, Exhibit A to Motion, subjects at least the plaintiff's breach of contract claim to arbitration. Defendant's Response in Opposition to Plaintiff's Motion to Stay Pending Arbitration ("Opposition") (ECF No. 31) at 4. The parties differ on the question of whether the fraud claim is arbitrable. *Id*. at 4-5; Reply Memorandum of Law in Support of Plaintiff's Motion to Stay Pending Arbitration ("Reply") (ECF No. 34) at 3-4. The court need not address that dispute, however, under the circumstances presented here.

## II. Discussion

The defendant contends that the plaintiff has waived its contractual right to arbitration. Opposition at 2-5. The First Circuit has said, citing *Rankin v. Allstate Ins. Co.*, 336 F.3d 8, 13 (1st Cir. 2003), that "[i]f arbitration is invoked in response to a lawsuit, it must be done early on in the case so resources are not needlessly deployed." *In re Citigroup*, 376 F.3d 23, 26 (1st Cir. 2004). No reason is readily apparent why the same should not be true when it is the party bringing suit that decides to invoke arbitration, and the plaintiff here offers none.

The First Circuit continued: "In this Circuit, no one factor dominates the analytical framework for determining whether a party has implicitly waived its right to arbitrate." *Id*.

> In determining whether a party to an arbitration agreement . . . has waived its arbitration right, federal courts typically have looked to [1] whether the party has actually participated in the lawsuit or has taken other action inconsistent with his right, . . . [2] whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit by the time an intention to arbitrate was communicated [to the opposing party], . . . [3] whether there has been a long delay in seeking the stay or whether enforcement of arbitration was brought up when trial was near at hand. . . .
>
> Other relevant factors are [4] whether the [party invoking arbitration has] invoked the jurisdiction of the court . . . without asking for a stay of the proceedings, . . . [5] whether important intervening steps (e.g., taking advantage of judicial discovery procedures not available in arbitration . .

2

.) had taken place, . . . and [6] whether the other party was affected, misled, or prejudiced by the delay.

*Id*., quoting *Creative Solutions Group, Inc. v. Pentzer Corp.*, 252 F.3d 28, 32-33 (1st Cir. 2001).

Applying those factors in this case, the plaintiff has actually participated in the lawsuit that it initiated, over a period of nine months between the filing of the complaint and the filing of the motion to stay. The litigation machinery has been substantially invoked by the plaintiff. The plaintiff first sought enforcement of arbitration 10 days before the close of discovery, which is a long delay in terms of the timetable established by the court for this case. When the motion to stay was filed, this case was on the trial list for February 3, 2014, slightly less than two months thereafter.

Clearly, the plaintiff/movant invoked the jurisdiction of this court by filing this action, and did not at that time seek a stay. I am unable to determine which of the judicial discovery procedures undertaken in this case to date are not available in arbitration, because the parties make only conclusory statements on this point. *Compare* Opposition at 3 ("The discovery conducted over the past nine months goes far beyond what would have been permissible in arbitration.") *with* Reply at 2 ("Defendant agreed to the amount of discovery conducted, and he has not shown that the same discovery would not have otherwise occurred. . . . [D]epositions are permitted in arbitration."). Neither side cites any authority in support of these statements.

The plaintiff argues that the defendant has not demonstrated the necessary prejudice to allow this court to infer a waiver of its right to arbitration. *Id*. at 2-3. The First Circuit's position on the nature of the prejudice to be shown under these circumstances is well-established. It is true that the party urging waiver must show prejudice, *Navieros Inter-Americanos, S.A., v. M/V Vasilia Express*, 120 F.3d 304, 316 (1st Cir. 1997), but delay alone may be enough to establish prejudice. *Id.* (delay of one month was both long and prejudicial where litigation was expedited

and parties had incurred expenses that would not have been incurred in preparing for arbitration). The length of delay that amounts to waiver depends on the circumstances of each case. *Restoration Preservation Masonry v. Grove Europe Ltd.*, 325 F.3d 54, 61 (1st Cir. 2003).

> The length of delay must be evaluated in the context of litigation activities engaged in during that time. The defendants here were involved in at least five depositions and thirteen pre-trial conferences. Prejudice to the plaintiffs is easily inferred from the necessary expenditures over that period of time.

*Id*. (citations omitted).

Further, first assertion of an arbitration right when trial is near at hand "also points to waiver." *Id*. at 62. Here, the motion to stay was filed 10 days before the close of discovery, after most, if not all, discovery was complete, and two months before the trial-ready date. Furthermore, 16 depositions have been taken and thousands of pages of documents have been produced, Opposition at 3,[3] and, under these circumstances, First Circuit precedent suggests that waiver has occurred in this case.

This conclusion makes it unnecessary for me to consider the defendant's contention that the fraud claim asserted in the complaint is not subject to the arbitration clause. Opposition at 4-5.

### III. Conclusion

For the foregoing reasons, the plaintiff's motion to stay this action pending arbitration is **DENIED.**

---

[3] The plaintiff attempts to minimize the discovery undertaken by asserting that the defendant "agreed to the amount of discovery conducted" and that most of the documents were produced in response to document requests served by the defendant. Reply at 2. No distinction is made in the relevant case law depending on which party initiated more discovery than the other. Indeed, a defendant reasonably led to believe that neither party wanted to invoke arbitration would undertake all of the discovery it determined to be necessary in preparation for trial.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 27th day of January, 2014.

                                                    /s/ John H. Rich III
                                                  John H. Rich III
                                                  United States Magistrate Judge